IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD GERALD McIVER,       *
        Plaintiff,

                          *

   v.                         CIVIL ACTION NO.  DKC-09-664

                          *

MCI-H (DOC)                *
CMS INC.,
        Defendants.        *

                        *******

## MEMORANDUM OPINION

On March 16, 2009, the court received Plaintiff Reginald Gerald McIver, Jr.'s civil rights complaint seeking compensatory damages filed pursuant to 42 U.S.C. § 1983.  Paper No. 1.  Plaintiff was directed to supplement his complaint on April 8, 2009.  Paper No. 4.  He alleges he received inadequate medical care.  Paper Nos. 1 and 4.

Defendants Correctional Medical Services, Inc. (CMS) and MCI-H (DOC) have filed Motions to Dismiss, or in the Alternative for Summary Judgment.  Paper Nos. 22 and 27.  Plaintiff has filed a response to CMS's dispositive motion.  Paper No. 24.   No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2009).  For the reasons stated below, the dispositive motions filed by Defendants, treated as motions for summary judgment, will be granted.

### Background

McIver alleges that on January 30, 2009, he was transferred from the Patuxent Insitution to the Maryland Correctional Institution-Hagerstown.  Paper No. 4.  Plaintiff states that he suffers from Hepatitis C and was under the care of the chronic care clinic where he received a number of medicines daily, including Ribavirin, Benadryl and Zoloft.  Plaintiff states that upon his transfer to MCI-H he did not receive his medication.  He states that he advised correctional officers and

medical personnel that he was not receiving his medication and filed several complaints regarding same.  Plaintiff states that on or about February 9, 2009, he began receiving Ribavin and Benadryl but still did not receive Zoloft, which keeps him from suffering anxiety attacks. *Id*.

The uncontroverted medical records indicate that Plaintiff met with Dr. Mertine Jermany on January 29, 2009, prior to his transfer to MCI-H, for a medication review.  Paper No. 27, Ex. 2.  Dr. Jermany renewed Plaintiff's prescription for Zoloft and ordered the dosage increased.  On February 12, 2009, a non-formulary drug request for 50 mg of Zoloft was ordered and approved by Dr. Abayomi Adediran.  Plaintiff received a medical intake interview at MCI-H on February 14, 2009. *Id*.  He indicated that he was not receiving his Zoloft and a referral was made to the psychiatrist. *Id.,* p. 16-18.  Plaintiff underwent his initial psychiatric evaluation at MCI-H on February 20, 2009. *Id.,* p. 12-14.  Plaintiff reported that his depression was not as much of an issue "as the irritability of not getting med." *Id*.  His prescription for Zoloft was restarted and a second non-formulary drug request was submitted by SRNP Christing N. Lynn.  Plaintiff began receiving Zoloft on March 6, 2009. *Id*.

## Standard of Review

### A.  Motion to Dismiss

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964-65 (2007).  "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  "[T]hreadbare

recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009).   In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).   However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582, at *3 (D. Md.  2007).

**B.     Motion for Summary Judgment**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).   The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

### A.    Respondeat Superior

Plaintiff's allegations against Correctional Medical Services, Inc. (CMS), the private prison health care provider and MCI-H (DOC) are based solely upon the doctrine of *respondeat superior*. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992) (respondeat superior does not apply to § 1983 claim, even where defendant is private corporation); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).   Accordingly, Plaintiff's claims against the named Defendants shall be dismissed.  The court's inquiry, however, does not end there.

### B.    Failure to Exhaust Administrative Remedies

The court must first examine Defendant MCI-H (DOC)'s assertion that Plaintiff's Complaint should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies.   The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to

4

exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d

1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The uncontroverted records demonstrate that on February 23, 2009, Plaintiff filed an administrative grievance concerning the failure to provide him Zoloft.  Paper  No. 27, Ex. 1, p. 6.  The request was dismissed as moot on March 24, 2009, with a notation that Plaintiff was receiving his prescribed medication.  *Id*.  The court cannot say on the record before it that Plaintiff did not attempt to pursue his available administrative remedies.  He filed an administrative remedy that was dismissed as moot because at the time it was considered by staff Plaintiff's medication had been restarted.   As such, dismissal of Plaintiff's claim for failure to exhaust available administrative remedies is inappropriate.

## C.     Eleventh Amendment

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.  *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  Thus Plaintiff's complaint against MCI-H (DOC) is barred by the Eleventh Amendment.

## D.     Medical Care

Even if Plaintiff had named the proper parties, his claim would still fail.  The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  "Scrutiny under the

6

Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), citing *Wilson v. Seiter,* 501 U.S.294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the actions of medical and corrections personnel (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew

7

at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574,

577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that

could have been taken).

The uncontroverted record reveals that Plaintiff  failed to receive his prescribed

antidepressant Zoloft for approximately one month.   A brief delay in providing medical care does

not constitute a constitutional deprivation.  *See  Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va.

1990) (seven-day delay in routine eye exam).   Moreover, Plaintiff has failed to allege, much less

demonstrate, that he suffered actual injury as a result of the disruption in his medication or has been

exposed to an unreasonable risk of future harm as a result of the disruption in his medication.  *See*

*Helling v.McKinney*, 509 U.S. 25, 35 (1993).  Nor has Plaintiff shown that correctional employees or

medical contractors were deliberately indifferent to his medical needs.   To the contrary, the record

demonstrates that Plaintiff's prescription was increased the day prior to his transfer from Patuxent to

MCI-H.   Upon his transfer, he was promptly evaluated by medical staff who requested that he be

evaluated by mental health personnel who then ordered his medication restarted.   That the efforts to

have Plaintiff's psychiatric medication restarted took approximately one month is unfortunate but

does not, under these circumstances, state a constitutional claim.

## Conclusion

Defendants' Motions to Dismiss or in the Alternative for Summary Judgment are granted.

Judgment shall be entered in favor of Defendants and against Plaintiff.  A separate order follows.


Date:   February 3, 2010                    _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge